IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | Cr. No. 7:97-0608-HMH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Troy Rolle, | ) | |
| | ) | |
| Movant. | ) | |

On June 24, 2016, Movant filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, arguing that he is no longer a career offender under the United States Sentencing Guidelines ("U.S.S.G.") in light of Johnson v. United States, 135 S. Ct. 2551 (2015).[1] Specifically, Movant argues that he is entitled to relief because certain prior convictions do not qualify under the 'residual clause' of U.S.S.G. § 4B1.2, and that clause is unconstitutionally vague in light of Johnson v. United States, 135 S. Ct. 2551 (2015). (Def. Mem. Supp. § 2255 Mot., generally, ECF No. 94.)

This matter was stayed pending the United States Supreme Court's resolution in the case of Beckles v. United States, 137 S. Ct. 886 (2017). On March 6, 2017, the Supreme Court held in Beckles that Johnson did not apply to the residual clause of the career offender guideline set forth in § 4B1.2(a)(2) of the U.S.S.G. because the advisory sentencing guidelines were not subject to a void for vagueness challenge under the Due Process Clause in the Fifth Amendment. Id. at 895.

The Government filed a motion for summary judgment on May 9, 2017. (Gov't Mot. Summ. J., ECF No. 102.) Movant filed a response in opposition on May 23, 2017, arguing that

---

[1] In Johnson, the United States Supreme Court held that the residual clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutionally vague. Id. at 2563.

Movant's § 2255 motion is timely and that his sentence is unconstitutional under Johnson because he was sentenced under the mandatory sentencing guidelines in effect prior to United States v. Booker, 543 U.S. 220, 234 (2005). (Resp. Opp'n Summ. J., ECF No. 104.) Movant argues that Beckles does not apply to mandatory guideline sentences.

On August 21, 2017, the United States Court of Appeals for the Fourth Circuit held in United States v. Brown, 868 F.3d 297 (4th Cir. 2017), that Johnson did not announce a retroactively applicable right with respect to "the mandatory Sentencing Guidelines' residual clause at issue." United States v. Brown, 868 F.3d 297, 302 (4th Cir. 2017).

> While Johnson did announce a retroactively applicable right, *Johnson* dealt only with the residual clause of ACCA–a federal enhancement statute. *Johnson* did not discuss the mandatory Sentencing Guidelines' residual clause at issue here or residual clauses in other versions of the Sentencing Guidelines.

Id. (citations omitted).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), federal prisoners seeking habeas relief have one year from the date their conviction becomes final to file a § 2255 motion. Section 2255 provides as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–(1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Judgment was entered on June 18, 1998. Movant appealed his conviction and sentence, and the Fourth Circuit affirmed the judgment of the court on February 14, 2000. United States v. Rolle, 204 F.3d 133 (4th Cir. 2000). Movant previously filed a

2

§ 2255 motion on February 7, 2001, which was summarily dismissed on April 9, 2001. The Fourth Circuit dismissed Movant's appeal on December 5, 2001. United States v. Rolle, No. 01-7120, 2001 WL 1545913, at *1 (4th Cir. Dec. 5, 2001) (unpublished). Movant filed a second or successive § 2255 motion on June 17, 2014, which the court dismissed on July 7, 2014. Further, the Fourth Circuit dismissed Movant's appeal on January 27, 2015. United States v. Rolle, No. 14-7421, 2015 WL 332618, at *1 (4th Cir. Jan. 27, 2015) (unpublished). Movant received permission from the Fourth Circuit to file a second or successive § 2255 on June 24, 2016. The instant § 2255 motion was filed in this court the same day.

The instant § 2255 motion is time-barred. The Supreme Court has not yet recognized a right to "challenge sentences imposed under the mandatory Sentencing Guidelines as void for vagueness." Brown, 868 F.3d at 302. Further, although the Fourth Circuit granted Movant authorization to file a second or successive § 2255 motion in light of Johnson, the court "did not consider the timeliness of the movant's underlying merits argument." Brown, 868 F.3d at 303. Thus, the court is required to consider the timeliness of the instant § 2255 motion. Movant "raises an untimely motion in light of § 2255(f)(3)'s plain language, the narrow nature of *Johnson's* binding holding, and *Beckles's* indication that the position advanced by [Movant] remains an open question in the Supreme Court." Id. at 303. Based on the foregoing, the Government's motion for summary judgment is granted and Movant's § 2255 motion is denied.

Therefore, it is

**ORDERED** that the Government's motion for summary judgment, docket number 102, is granted. It is further

**ORDERED** that Movant's § 2255 motion, docket number 94, is denied. It is further

**ORDERED** that a certificate of appealability is denied because Movant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
Senior United States District Judge

Greenville, South Carolina
September 22, 2017

**NOTICE OF RIGHT TO APPEAL**

The Movant is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.